MADELINE A. BUCKALEW, RESPONDENT, v. CORNELIUS EATON AND WILLIAM SCHAEFER, APPELLANTS.

Submitted February 12, 1937—Decided April 30, 1937.

For the appellants, *Charles A. Rooney.*

For the respondent, *Armstrong & Mullen.*

The opinion of the court was delivered by

LLOYD, J. The plaintiff below was injured through what she alleged to be the negligent operation of a bus in which she was riding as a passenger, and brought the present action to recover the damages sustained by reason of the injuries received. Judgment for the plaintiff was obtained in the court below and the present appeal resulted.

The grounds urged for reversal are that the trial court erred in denying defendant's motion for nonsuit at the close of plaintiff's case and in denying a motion for the direction of a verdict in their favor at the close of the entire case.

It was contended on both motions that there was no evidence of negligence in the operation of the bus, and that if negligence was shown, it was not sufficiently set forth in the complaint.

Neither ground we think has merit. The plaintiff's proofs tended to show that while riding in the bus she was thrown from the seat in which she was sitting into the aisle. To use the plaintiff's language: "The driver was going, I should judge, thirty-five to forty miles an hour and he struck something twice, and each time he jarred me out of my seat, and I came down with this terrible thud. * * * I was jounced up and down. * * * Q. As much as that,—eight or ten inches? A. Yes." She also said that the bumps were vastly different from ordinary bumps and that the road was icy and bumpy.

The defendant was a common carrier of passengers and as such obliged to exercise a high degree of care in the transportation of its passengers. *Davis* v. *Public Service Co-ordinated Transport,* 113 *N. J. L.* 427.

Such proofs required submission of the case to the jury *Cohn* v. *Public Service Co-ordinated Transport,* 109 *N. J. L.* 387.

As to the complaint: It alleged failure to operate the bus at a reasonable and safe rate of speed, and that there was failure to control the motion of the bus so as to avoid injury to passengers. These we think amply apprised the defendant of the nature of the negligence that would be relied on and which the evidence tended to prove.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 16.

*For reversal*—None.